UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TYRONE TRIPLETT, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>OFFICER ANTHONY D. )<br>HOLIFIELD, )<br>)<br>Defendant ) | Case No. 7:13-cv-01052-RDP-HGD |

## **REPORT AND RECOMMENDATION**

Plaintiff, Tyrone Triplett, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged. He names as defendant Officer Anthony D. Holifield. Plaintiff was allowed to proceed *in forma pauperis*. (Doc. 5). After the complaint was filed and plaintiff was granted *in forma pauperis* status, Victor M. Revill, filed a notice of appearance on behalf of plaintiff.

In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S.Ct.

1737, 114 L.Ed.2d 194 (1991). Because plaintiff is no longer *pro se*, this complaint is reviewed pursuant to 28 U.S.C. § 1915(e)(2), which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal -
>         (i) is frivolous or malicious;
>         (ii) fails to state a claim on which relief may be granted; or
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

In his complaint, plaintiff alleges that while incarcerated at the Bibb County Correctional Facility,[1] on April 4, 2013, he was involved in a "nonviolent altercation" without weapons with another inmate while they were in C-1 bay. Within five to ten seconds after the altercation began, defendant stopped the altercation by striking plaintiff in the head with his baton. Plaintiff alleges that he received medical treatment for his injuries, including nine staples in his head, seven days of observation in the prison medical unit, headaches, dizziness, blurred vision and loss of sleep. He further alleges that he and the other inmate should have been kept separate because they had been involved in a previous altercation on March 27, 2013. Plaintiff seeks compensatory and punitive damages, an order preventing defendant

---

[1] The court notes that plaintiff is still an inmate of Bibb County Correctional Facility.

or his co-workers from retaliating against him, and an order requiring defendant to take stress and anger management classes and to be retaught the use of proper force. (Doc. 1, Complaint).

## DISCUSSION

**Use of Force**

Plaintiff attempts to state a claim for the unlawful use of excessive force. The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). When force is applied by prison officials, any Eighth Amendment inquiry must concentrate on whether the force was applied in a good faith effort to maintain discipline or was carried out maliciously or sadistically for the purpose of causing harm. *Id*. at 320, 106 S.Ct. at 1084. In *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), the Supreme Court extended the inquiry set forth in *Whitley* to all cases involving allegations of the use of force by prison officials and set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. They include: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat

reasonably perceived by the prison official; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the injury suffered by the inmate.[2]  *Id.* at 7, 112 S.Ct. at 999.  In applying the foregoing factors to the facts of a particular case, the Supreme Court has instructed:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.  *See Johnson v. Glick*, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").  The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not a sort "'repugnant to the conscience of mankind.'"

*Hudson*, 503 U.S. at 9-10, 112 S.Ct. at 1000 (internal citations omitted).

It is well settled that maintaining institutional security and preserving internal order and discipline are essential goals of a prison administration and may require limitation or retraction of the constitutional rights of prisoners.  *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 47 (1979).  Prison officials must therefore be free to take appropriate action to insure the safety of inmates and staff, and the courts will not normally second-guess prison officials on matters involving internal security.  *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998).  Thus, in recognition of the

---

[2] The court in *Hudson* made it clear that the absence of serious injury is relevant to an Eighth Amendment inquiry but is not conclusive.  503 U.S. at 7, 112 S.Ct. at 999.

hard choices faced by prison officials in the day-to-day operation of penal institutions, courts are obliged to apply an "appropriate hesitancy" in second-guessing those officials who are quite often faced with decisions that are, of necessity, made "in haste, under pressure and frequently without the luxury of a second chance." *Whitley*, 475 U.S. at 321, 106 S.Ct. at 1085.

When viewed in light of the above parameters, it is clear that the plaintiff's complaint fails to allege facts sufficient to state a claim under the Eighth Amendment for use of excessive force.

Plaintiff admits that he was involved in an altercation with another inmate. Defendant's actions were taken to stop the altercation. As stated above, when force is used in a good faith effort to maintain or restore discipline, the Constitution is not necessarily violated. In this case, plaintiff has pled no facts which address the four factors outlined in *Hudson* for evaluating excessive force complaints, nor do his bare allegations alone show that the defendant's actions were undertaken maliciously for the sole purpose of causing harm. In other words, the plaintiff has not stated facts which meet the subjective component of an Eighth Amendment claim. *See Boddie v. Schneider*, 105 F.3d 857, 861 (2d Cir.1997).

Even if through the benefit of hindsight it could be said that the officer's actions were harsher than necessary under the circumstances, this court must give

"wide ranging" deference to the judgment of prison officials in their response to an actual confrontation with an inmate. *Whitley*, 475 U.S. at 321-22, 106 S.Ct. at 1085. As stated by the Supreme Court in *Whitley*, "[t]he infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Id.* at 319, 106 S.Ct. at 1084. Therefore, where there is nothing to show that an action was taken in bad faith or without a legitimate purpose, "neither judge nor jury should freely substitute their judgment for that of officials who have made a considered choice." *Id*. at 322, 106 S.Ct. at 1085. Although any injuries the plaintiff may have suffered are unfortunate, he has failed to plead facts which "go[] beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives." *Id*. at 323, 106 S.Ct. at 1086. Plaintiff has failed to show that defendant's actions were taken with any purpose other than to stop the fight between plaintiff and the other inmate and restore order and discipline. Without more, the plaintiff has failed to state an Eighth Amendment claim.

**<u>Failure to Protect</u>**

Although prison officials have a duty to protect inmates from violence by other prisoners, they are not the guarantors of a prisoner's safety. *Morgan v. Toombs Co.,*

*Ga.*, 400 F.3d 1313, 1321 (11th Cir. 2005). The Eighth Amendment is violated only when a prisoner is incarcerated under conditions which expose him to a "substantial risk of serious harm" and only when prison officials are "deliberately indifferent" to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994). "Deliberate indifference describes a state of mind more blameworthy than negligence" and, therefore, ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim. *Id*. at 835, 114 S.Ct. at 1978. Prison officials cannot be liable under the Eighth Amendment unless they know of and disregard an excessive or substantial risk to inmate health or safety. *Id*. at 837, 114 S.Ct. at 1978-79.

Plaintiff has failed to allege that Officer Holifield was aware of the previous altercation between plaintiff and the other inmate involved in the incident on March 27, 2013. He also has not alleged that defendant was responsible for placing plaintiff and the other inmate together in the bay on April 4, 2013, or that he was deliberately indifferent to an excessive or substantial risk to plaintiff's safety in doing so. Therefore, plaintiff has failed to state a claim for failure to protect him from the other inmate.[3]

---

[3] The court notes that plaintiff's alleged injuries were not caused by the other inmate; they were caused by defendant in breaking up the fight between plaintiff and the other inmate, within five to ten seconds after the altercation began.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED as failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge. IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS. AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE

SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS. HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED. THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 2nd day of October, 2013.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE